WTJ Skavdahl Land LLC, a Nebraska limited
liability company, appellee, v. Sandra Elliott,
Personal Representative of the Estate of
Evelyn Elliott, deceased, and Sandra
Elliott, appellants, and Lynn
Elliott et al., appellees.

___ N.W.2d ___

Filed May 24, 2013.    No. S-12-688.

1. **Equity: Appeal and Error.** On appeal from an equity action, an appellate court
   tries factual questions de novo on the record and, as to questions of both fact and
   law, is obligated to reach a conclusion independent of the conclusion reached by
   the trial court.

Appeal from the District Court for Sioux County: Travis P.
O'Gorman, Judge. Reversed.

John F. Simmons, of Simmons Olsen Law Firm, P.C., for
appellants.

Steven C. Smith, of Smith, Snyder & Petitt, G.P., for appel-
lee WTJ Skavdahl Land LLC.

Wright, Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Connolly, J.

WTJ Skavdahl Land LLC is the surface owner of land in
Sioux County, Nebraska. Skavdahl sued the owners of severed
mineral interests in that land under Nebraska's dormant min-
eral statutes[1] to reacquire their allegedly abandoned interests.
Mineral interests are deemed abandoned unless the "record
owner" has taken certain steps to publicly exercise his or her
ownership rights during the 23 years preceding the surface
owner's suit.[2] This case presents the same issue that we con-
fronted in *Gibbs Cattle Co. v. Bixler*[3]: whether the "record
owner" may be determined only from the register of deeds in
the county where the interests are located or also from other

---

[1] See Neb. Rev. Stat. §§ 57-228 to 57-231 (Reissue 2010).

[2] See § 57-229.

[3] *Gibbs Cattle Co. v. Bixler, ante* p. 952, ___ N.W.2d ___ (2013).

public records, such as probate records in the county. For the reasons set forth in *Gibbs Cattle Co*., we conclude that the "record owner" of mineral interests, as used in § 57-229, includes an individual identified by probate records in the county where the interests are located. We reverse the district court's contrary ruling.

## BACKGROUND

In its complaint, Skavdahl named Sandra Elliott, both personally and as the personal representative of the estate of Evelyn Elliott, as one of the people allegedly having mineral interests in the land. Skavdahl alleged that under Nebraska's dormant mineral statutes, Sandra had abandoned her interests and that those interests should be vested in Skavdahl.

Although Evelyn had died in 1999, the register of deeds still listed her as the owner of the disputed mineral interests. Sandra, as the personal representative of Evelyn's estate, took charge of the probate process, though it had not been completed. That said, none of the probate records (such as the inventory sheets, deed of distribution, or inheritance tax determinations) specifically mentioned Evelyn's mineral interests. But Evelyn's will devised all of her property to the cotrustees of the "S&G Living Trust," and Sandra was the last surviving trustee. As such, Sandra filed an answer claiming that she owned the disputed mineral interests through Evelyn's will and that she had publicly exercised her ownership rights. She requested that the court order all title to the mineral interests to remain in her.

Skavdahl moved for summary judgment, which the court granted. The court first determined that Sandra's only interest in the mineral interests was as the last surviving trustee of the S&G Living Trust. The court then concluded that Evelyn was the record owner of the mineral interests because she was the person listed in the register of deeds. And the court determined that although Evelyn's mineral interests transferred through her will,[4] this was not a public exercise

---

[4] See, Neb. Rev. Stat. § 30-2401 (Reissue 2008); *Wheelock v. Heath*, 201 Neb. 835, 272 N.W.2d 768 (1978).

of ownership because it occurred by operation of law rather than by Evelyn's action. Sandra does not challenge this latter determination on appeal.

Furthermore, the court concluded that Sandra was not a "record owner" of the mineral interests, and so it was immaterial whether she had exhausted the 23-year statutory period. The court noted that the dormant mineral statutes did not define the term "record owner," but that it was defined in Neb. Rev. Stat. § 19-4017.01 (Reissue 2012) as being "the fee owner of real property as shown in the records of the register of deeds office in the county in which the business area is located." The court concluded that to satisfy the dormant mineral statutes' purpose, "record owner" could only mean the person listed in the register of deeds in the county where the property was located. The court vested title to the disputed mineral interests in Skavdahl.

## ASSIGNMENTS OF ERROR

Sandra alleges, reordered and restated, that the court erred in (1) concluding that she was not the "record owner" of the disputed mineral interests and (2) terminating her rights to the mineral interests and vesting them in Skavdahl.

## STANDARD OF REVIEW

[1] On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court.[5]

## ANALYSIS AND CONCLUSION

For the reasons set forth in *Gibbs Cattle Co.*,[6] we conclude that the "record owner" of mineral interests, as used in § 57-229, includes an individual identified by probate records in the county where the interests are located. We reverse.

REVERSED.

McCORMACK, J., participating on briefs.
HEAVICAN, C.J., not participating.

---

[5] *Peterson v. Sanders*, 282 Neb. 711, 806 N.W.2d 566 (2011).

[6] *Gibbs Cattle Co.*, *supra* note 3.